UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARNEST E. TILLMAN,

      Plaintiff,

v.                                                            CASE NO. 6:09-cv-1667-Orl-31DAB

KEVIN E. BEARY, *et al.*,

      Defendants.

_____

## <u>ORDER</u>

     Petitioner initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This case is before the Court on Plaintiff's Third Amended Complaint (Doc. No. 27) and Defendant Timothy Henriquez's Motion to Dismiss the Third Amended Civil Rights Complaint (Doc. No. 37).[1]  Plaintiff has filed a response in opposition to the motion to dismiss (Doc. No. 40).

## I.    *Background*

     Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Kevin E. Beary, Phillip Parks Duncan, Jr., Timothy Henriquez, Sylvester Herrera, Jr., Carlos Torres, Jerry L. Demings, and Donald Melville (Doc. No. 27).  Plaintiff alleges that on November 7, 1997, he was attending a birthday party at the home of Anila Asghar when Detective Phillip Parks Duncan, Jr.

_____

[1]Defendants Beary, Duncan, Herrera, Torres, Demings, and Melville are not parties to Henriquez's motion to dismiss.  However, as discussed more fully *infra*, the Court finds that the case is subject to dismissal as to these defendants.

("Duncan")  approached the home and ordered the guests to leave the party or go inside the home.  *Id.* at 16.  Plaintiff walked to the fenced-in backyard area and entered the pool enclosure.  *Id.*  Several Orange County Deputy Sheriffs entered the back yard, including Duncan, Donald Melville ("Melville"), Timothy Henriquez ("Henriquez"), and Carlos Torres ("Torres") .  *Id.*  When the Plaintiff attempted to walk out of the pool enclosure, Henriquez blocked Plaintiff's path and without saying anything to Plaintiff, began patting him down and searching his pockets.  *Id.*  Plaintiff asked Henriquez what he was doing, and Henriquez responded, "I'm searching you."  *Id.* Plaintiff stated that he did not consent to the search and that he thought it was illegal.  *Id.*  Henriquez asked Plaintiff if he was carrying any weapons, to which Plaintiff responded, "No."  *Id.*  Henriquez resumed searching Plaintiff.  *Id.*  Plaintiff again asked what Henriquez was doing, and Henriquez responded "Look, are you going to let me search you or not?"  *Id.*  Plaintiff, thinking he had no choice, allowed the officer to search him.  *Id.*

Henriquez then began speaking with Duncan, while Plaintiff attempted to read Henriquez's name from his insignia.  *Id.*  Henriquez screamed at Plaintiff to sit down.  *Id.* at 17-18.   As Plaintiff walked away to sit down, he stated, "I'm not one of these kids who don't [sic] know the law."  *Id.* at 18.  According to the Plaintiff, he was then attacked by Henriquez and several other officers, who knocked him down, punched him and kicked him, before spraying him with pepper spray.  *Id.* at 18-20.  The police officers contend that the Plaintiff initiated the brawl by grabbing Henriquez in a headlock, and they were forced to subdue him.  *Id.* at 24.

2

Plaintiff was eventually convicted of aggravated battery on a law enforcement officer with great bodily harm pursuant to Fla. Stat. § 784.07(2) and resisting an officer with violence pursuant to Fla. Stat. § 843.01.  At trial, Tillman had sought a judgment of acquital. He argued that the charged crimes required the state to prove, as an element of the offense, that the officer had been lawfully performing or engaged in a duty at the time of the battery or resistance.  *Tillman v. State*, 807 So. 2d 106, 108 (Fla. 5th DCA 2002) (henceforth, *Tillman I*), *quashed by Tillman v. State*, 934 So. 2d 1263 (Fla. 2006) (henceforth, *Tillman II*). Tillman argued that the State had failed to present *prima facie* evidence on this point, and that the evidence instead demonstrated that the officers had illegally entered the pool enclosure, had illegally patted him down, and had illegally detained him after the patdown.  *Tillman I* at 108.

The trial court denied the motion, and the appellate court upheld the decision of the trial court.  The appellate court agreed that the crimes at issue required the State to prove that the officer had been lawfully performing or engaged in a duty at the time of the battery or resistance.  *Id.*  However, the appellate court relied on a line of its cases based on another statute, Fla. Stat. § 776.051, to uphold the convictions.  *Id.*  At that time, Fla. Stat. § 776.051 provided in pertinent part that a person "is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer."  The appellate court had relied on Fla. Stat. § 776.051 to hold that, so long as the officer was reasonably known to be a law enforcement officer, the use of force to resist arrest was unlawful, notwithstanding what it termed the "technical illegality"

3

of the arrest.  *Id.* at 108-09 (citing *State v. Barnard*, 405 So.2d 210 (Fla. 5th DCA 1981), and *Lowery v. State*, 356 So.2d 1325 (Fla. 4th DCA 1978)).  Also based on Fla. Stat. § 776.051, the appellate court had extended this reasoning to the crime of battery on a law enforcement officer and to encounters falling short of a full-blown arrest, such as illegal stops and detentions.  *Id.* at 109.

The Florida Supreme Court disagreed with this line of cases, holding that Fla. Stat. § 776.051(1) only applied to actual arrests, and its prohibition on the justifiable use of force defense could not be "read into" the statutes under which Tillman had been charged -- Fla. Stat. § 784.07(2) and  Fla. Stat. § 843.01 -- when an actual arrest was not involved.  *Tillman II* at 1269.  The *Tillman II* court reversed and remanded for the trial court to determine whether the officers' conduct had been legal -- *i.e.*, to determine whether they had been engaged in the process of lawfully executing a legal duty when they entered the back yard and searched and detained Plaintiff.  *Id.* at 1273-74.

On remand, the trial court found that Henriquez did not have consent, a search warrant, an arrest warrant, or exigent circumstances that allowed his entry into the pool enclosure.  (Doc. No. 27) at 35.  As such, he was not lawfully executing a legal duty at the time of the incident involving the Plaintiff, as required by the relevant statutes.  *Id.*  Accordingly, on March 6, 2007, the trial court vacated the Plaintiff's convictions.  *Id.*

Plaintiff alleges the following counts in his third amended complaint: (1) a claim of illegal search and seizure against all Defendants, (2) an excessive force claim against Defendant Henriquez, (3) an assault and battery claim against Defendant Henriquez; (4)

4

an excessive force claim against Defendants Torres, Henriquez, Herrera, and Melville; (5) a retaliation claim against Defendant Henriquez; (6) a claim of false arrest and false imprisonment against Defendants Henriquez, Torres, Herrera, Melville, and Beary; (7) an assault and battery claim against Defendant Henriquez; (8) an excessive force claim against Defendant Torres; (9) a conspiracy claim against Defendants Henriquez, Duncan, Melville, and Torres; (10) a malicious prosecution claim against Defendant Henriquez; and (11) a claim of intentional infliction of emotional distress against all Defendants. *Id.* at 8-15.

## II.   *Standard of Review*

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In order to survive a motion to dismiss, a complaint "does not need detailed factual allegations," but must plead "enough facts to state a claim for relief that is plausible on its

face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Moreover, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III.  Discussion

### A.  Statute of Limitations

Claims brought under § 1983 in federal court are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) (citations omitted); *Grace v. Wainwright*, 761 F. 1520, 1526 (M.D. Fla. 1991); *see also* § 95.11(3)(a), Fla. Stat. (stating that

actions founded on negligence shall be commenced within four years).[2]  The incident from which Plaintiff's claims arise occurred on November 7, 1997.  This action was filed almost twelve years later, on September 25, 2009.[3]

Plaintiff contends that his causes of action did not accrue until March 6, 2007, when his convictions were set aside by the trial court.  The Court finds that this contention is incorrect.  The United States Supreme Court, in *Wallace v. Kato*, indicated that the accrual date of a § 1983 cause of action is a question of federal law.  549 U.S. 384, 388 (2007).  Under federal principles, accrual occurs "when the plaintiff has 'a complete and present cause of action.' . . . [A] cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief."  *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferber Corp.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)).  "'The general federal rule is that 'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996) (quoting *Mullinax v. McElhenney*, 817 F.2d 711,

---

[2]Section 35.11(3)(o), Florida Statutes, also states that actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided, must be commenced within four years.

[3]A document is "filed" by a prisoner on the date the prisoner places the complaint in the mail or delivers it to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (in *pro se* prisoner rights cases and Federal Torts Claims Act suits, the date of filing is the date of delivery to prison officials).

716 (11th Cir. 1987)).[4]

The facts underlying the Plaintiff's claims of illegal search and seizure, excessive force, assault and battery, retaliation, false arrest and imprisonment, conspiracy, and intentional infliction of emotional distress occurred on November 7, 1997. *See, e.g., Wallace*, 549 U.S. at 1100 (the statute of limitations for a claim of false arrest begins to run at the time the claimant was detained); *Smith v. Belle*, 321 F. App'x 838, 841, 844 (11th Cir. 2009) (claim for assault and battery accrued at the time the personal injury occurred); *Rice v. Florida*, case no. 6:06-cv-1233-Orl-31KRS, 2006 WL 3060037, at *2 (M.D. Fla. Oct. 26, 2006) (noting that claims of personal injury and conspiracy accrue at the time of the incident).  Therefore all of the causes of action in Plaintiff's third amended complaint accrued on November 7, 1997, and are time-barred, except for the claim of malicious prosecution.  *See Burgest v. McAfee*, 264 F.App'x 850, 852 (11th Cir. 2008) (stating a claim for malicious prosecution accrues when the underlying criminal proceeding terminates in the plaintiff's favor) (citing *Heck*, 512 U.S. at 484 and *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998)); *see also Parish v. City of Elkhart*, 614 F.3d 677, 682 (7th Cir. 2010) (finding the statute of limitations for the tort of malicious prosecution does not accrue until a conviction occurs and is then overturned).

Because Plaintiff's convictions and sentences were overturned on March 6, 2007, Henriquez has failed to establish a successful statute of limitations defense with respect to

---

[4]Plaintiff contends that the date for the commencement of the statute of limitations is governed by *Heck v. Humphrey*, 512 U.S. 477 (1994), and therefore, the statute of limitations did not run until his judgement and sentences were vacated.  However, this argument was rejected by *Wallace*. *See Myrick v. Sterling*, case no. 3:08-cv-6-MCR-MD, 2008 WL 595944, at *4 n.3 (N.D. Fla. Feb. 28, 2008) (citing *Wallace*, 549 U.S. at 1098-99)).

Plaintiff's malicious prosecution claim.  However, the Court grants the motion to dismiss with respect to all of the Plaintiff's other claims, as they are barred by the statute of limitations.

### B.     Failure to State a Claim

Henriquez next argues that Plaintiff has failed to state a viable claim for malicious prosecution.  To prevail on a claim for malicious prosecution, a plaintiff must prove:

> (1) an original judicial proceeding against the . . . plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Kingsland v. City of Miami*, 382 F.3d 1220, 1234-35 (11th Cir. 2004).

The Court finds that Plaintiff has stated, at this juncture, a viable claim for malicious prosecution.  The only element that is contested is probable cause.  Henriquez argues that under Florida law, the Plaintiff's convictions -- for aggravated battery on a law enforcement officer with great bodily harm and resisting an officer with violence -- conclusively establish that probable cause existed to prosecute him for those crimes, even though those convictions were subsequently quashed.  (Doc. 37 at 6).  *See Goldstein v. Sabella*, 88 So.2d 910, 911-12 (Fla. 1956) (holding that conviction is determinative of existence of probable cause for prosecution, even if that conviction is subsequently reversed).  But it is not clear that the conviction defense is applicable in a Section 1983 malicious prosecution suit. *Compare Cameron v. Fogarty*, 806 F.2d 380 (2nd Cir. 1986) (holding that conviction defense

applied in false arrest suit under Section 1983) *with Montgomery v. De Simone,* 159 F.3d 120, 125 (3rd Cir. 1998) (criticizing *Cameron* and holding that conviction defense does not apply in Section 1983 suit).  And even under Florida law, the conviction defense is subject to an exception where it can be shown that the conviction was procured by "fraud, perjury, or other corrupt means."  *Goldstein*, 88 So. 2d at 912.  In his Third Amended Complaint, Tillman alleges that Henriquez (and other Defendants) falsified statements in charging affidavits and gave false testimony at his trial, resulting in his conviction.  Doc. No. 27 at 14, 26.

The Court finds that Henriquez has failed to show that, by virtue of the initial conviction, probable cause necessarily existed to prosecute the Plaintiff.  As probable cause was the only contested element, Henriquez's motion to dismiss for failure to state a claim for malicious prosecution is denied.

C.      *Qualified Immunity*

Henriquez next argues that he is entitled to qualified immunity.[5]  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan,* 129 S.Ct. 808, 815 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotation omitted).  "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  *McCullough v. Antolini,* 559 F.3d 1201, 1205 (11th Cir. 2009) (citations omitted) (quotations omitted).  To receive qualified immunity a defendant must first prove he or she was acting within the scope of his or her discretionary authority.  *See Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant shows that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate.  *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003).  The Supreme Court has set forth a two-part test for the qualified immunity analysis.  First, a court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation."

---

[5] "Because . . . [the qualified immunity] defense should be resolved at the earliest possible stage of litigation, it is proper for the district court to rule on qualified immunity during a motion to dismiss." *Dukes v. Miami-Dade County*, 232 F. App'x 907, 911 (11th Cir. 2007) (citing *Gonzalez v. Reno*, 325 F.2d 1228, 1233 (11th Cir. 2003)).

*Hope v. Pelzer*, 536 U.S. 730, 736 (2002).  If Plaintiff's version of the facts set forth the violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the alleged conduct.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  It is within a court's discretion to decide which prong of the qualified immunity analysis to address first.  *See Pearson*, 129 S. Ct. at 818.

As an initial matter, pursuant to the allegations in the Third Amended Complaint, the Court finds that Henriquez was acting within the scope of his discretionary authority as an Orange County Deputy Sheriff during the incident that forms the basis of Plaintiff's claim.  Thus, the resolution of the qualified immunity question requires a determination as to whether Plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, whether the right was clearly established at the time of the alleged violation.

To establish a federal malicious prosecution claim under § 1983, Plaintiff must prove: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland,* 382. F.3d at 1234.  As noted above, Plaintiff has alleged a viable claim for malicious prosecution.  In the Third Amended Complaint, the Plaintiff alleges that Henriquez lied in the charging affidavit about having been attacked. Doc. No. 27 at 14.  At the time of Plaintiff's prosecution, it was clearly established that the Constitution prohibits a police officer from making false statements in such an affidavit.  *See, e.g., Jones v. Cannon*, 174 F.3d 1271, 1284-85 (11th Cir. 1999) (holding that police officer's allegedly false arrest affidavit could subject the officer to liability under Section 1983).  Accordingly, the Court

12

finds that the Plaintiff has alleged facts that, if true, establish that he was seized in relation to the prosecution, in violation of his constitutional rights. *See Kingsland*, 382 F.3d at 1235. Accordingly, Henriquez's motion to dismiss the malicious prosecution count on the grounds of qualified immunity will be denied.

In addition, the Court notes that Defendants Beary, Duncan, Herrera, Melville, and Torres have filed a Motion to Dismiss for Lack of Jurisdiction (Doc. No. 48), arguing that service of process was not proper.  As the claims against these Defendants are subject to dismissal on statute of limitations grounds, their motion to dismiss is **DENIED** as moot.

Finally, Defendant Demings also filed a Motion to Dismiss the Third Amended Complaint (Doc. No. 49).  Demings alleges that the complaint fails to state a claim against him and that Plaintiff is barred from bringing his claims because the statute of limitations has expired.  Again, all the claims against this Defendant are subject to dismissal, and so this motion to dismiss is also **DENIED** as moot.

Furthermore, to the extent that the suit may have been brought against Defendant Demings, Orange County Sheriff, in his individual capacity, the Court will determine whether this Defendant is liable in his supervisory capacity.  None of the allegations in the Third Amended Complaint refer to any personal involvement on the part of Demings. Any conceivable liability on the part of Demings would be based on the theory of *respondeat superior.*  However, supervisors cannot be held liable for acts of employees *solely* based on *respondeat superior. Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985) (stating "[s]upervisory liability is not

limited, however, to those incidents in which the supervisor personally participates in the deprivation . . . . There must be a causal connection between the actions of the supervisory official and the alleged deprivation") (citations omitted).  A causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to take corrective action" or "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted).

The Court finds that Plaintiff has failed to show that Demings personally participated in any alleged unconstitutional conduct, or that there is a causal connection between the Sheriff and the alleged constitutional deprivation.  Moreover, the Court notes that Demings was not employed by the Orange County Sheriff's Office prior to his election as Sheriff in 2008, therefore Demings could not have personally participated in any of the alleged unconstitutional conduct that occurred in 1997.  Thus, Demings cannot be held liable in his individual capacity.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant Henriquez's Motion to Dismiss (Doc. No. 32) is **GRANTED in part** and **DENIED in part**.  Counts I, II, III, IV, V, VI, VII, VIII, IX, and XI are dismissed. Further, Defendants Beary, Duncan, Herrera, Torres, Demings, and Melville are dismissed from this action.

14

2.      The motions to dismiss filed by Defendants Beary, Duncan, Herrera, Melville, and Torres (Doc. No. 48) and Defendant Deming (Doc. No. 49) are **DENIED** as moot.

**DONE AND ORDERED** at Orlando, Florida, this 24th day of February, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 2/24
Earnest E. Tillman
Counsel of Record