# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EARNEST E. TILLMAN,**

  **Plaintiff,**

**v.**                Case No: 6:09-cv-1667-Orl-31DAB

**P. PARKS DUNCAN, JR. , TIMOTHY HENRIQUEZ, ORANGE COUNTY SHERIFF'S OFFICE, and DONALD MELVILLE,**

  **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 108) filed by Defendants P. Parks Duncan, Jr., Timothy Henriquez, and Donald Melville, and Plaintiff's response thereto (Doc. 109). Plaintiff has also filed a Motion for Leave to file an amended complaint, (Doc. 110) to which Defendants responded. (Doc. 112).

Plaintiff, Earnest E. Tillman ("Tillman"), originally filed this suit on September 28, 2009, asserting eleven claims against nine defendants. Each claim stems from his allegedly false arrest and subsequent prosecution in November of 1997.[1] On February 24, 2011, this Court dismissed all but a single count for malicious prosecution against Henriquez. (Doc. 52). That Count was later terminated on summary judgment. (Doc. 91). On appeal, the Eleventh Circuit reinstated Plaintiff's claim for intentional infliction of emotional distress against Duncan, Melville and Henriquez, as well as the malicious prosecution claim against Henriquez. (Doc. 100). Defendants now move to

---

[1] See Docs. 52 and 91 for a full factual background of the case.

quash service on Melville and Duncan, and to dismiss the case for lack of subject matter jurisdiction.[2]

## I. Service of Process

It is undisputed that Plaintiff never properly served Defendants Melville and Duncan when service was delivered to a front desk clerk at the Sheriff's Office by a U.S. Marshal. (Docs. 43 & 44). Rule 4(m) of the Federal Rules of Civil Procedure provides that,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Nonetheless, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (citation omitted).

When a plaintiff proceeds in forma pauperis, 28 U.S.C. § 1915 instructs that "[t]he officers of the court *shall* issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d) (emphasis added). Federal Rule of Civil Procedure 4(c), likewise, requires that "[t]he court must so order [service to be made by a United States Marshal or deputy marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 ...." Fed.R.Civ.P. 4(c)(3). "Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving

---

[2] Defendants raised the service issue in the previous motion to dismiss, but the argument was rendered moot and they were dismissed from the case for other reasons. (Doc. 52).

a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996). *See also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286-87 (11th Cir. 2009) and *Graham v. Satkoski,* 51 F.3d 710, 712 (7th Cir.1995) ("The Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis.").

The Eleventh Circuit recently held in *Rance* that "the failure of the United States Marshal to effectuate service on behalf of an in forma pauperis plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009). *See also, Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010). In *Richardson*, a prisoner-litigant provided the address of the prison to effect service on a prison guard. The court held that "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Id*.

This case is not materially different from *Richardson*. On September 30, 2010, Plaintiff—a prisoner at the time—provided the U.S. Marshal with the address of the Orange County Sheriff's Office and the full names of Defendants Melville and Duncan—both Orange County Sheriff's Deputies at the time of Tillman's arrest. (Docs. 43 & 44). This was sufficient information under the circumstances to permit the Marshal to identify the both Defendants.[3] Although the Marshal failed to effect service on either, that error is not attributable to Tillman. Accordingly, Plaintiff will be granted additional time to serve Defendants Melville and Duncan.

---

[3] Defendants' argument in this respect is somewhat disingenuous, unless they intend to argue that prisoners should have access to their home addresses.

### II.   Subject Matter Jurisdiction

Having dismissed the majority of Plaintiff's claims, the Court's subject matter jurisdiction now rests solely on his malicious prosecution claim. Defendants point out, however, that the operative Third Amended Complaint is vague in that it does not explicitly state whether it is being brought under federal or state law. (Doc. 27). A pro se complaint is entitled to liberal construction and should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972) (citations omitted). Defendants now seek to dismiss this case because Tillman fails to specify whether his cause of action arises under state or federal law, even though a fair reading of the facts would entitled him relief under federal law. Indeed, the Eleventh Circuit has already construed Count X as a § 1983 malicious prosecution claim. (Doc. 100). Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

For the same reason, Plaintiff's motion to amend will be denied. The only purported basis for the amendment is to clarify that Count X is brought pursuant to federal law. Since this Court has already so construed that claim, it need not be repled.

It is therefore,

**ORDERED** that Defendants' Motion to Dismiss (Doc. 108) is **DENIED**. Plaintiffs Motion to Amend (Doc. 110) is **DENIED**. Plaintiff shall serve Defendants Melville and Duncan by no later than September 23, 2013.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Case 6:09-cv-01667-GAP-DAB Document 113 Filed 08/22/13 Page 5 of 5 PageID 1041